

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-3538

Re: Fees in Justice Court
Deferred Judgments
Capias Pro Fines.

Your request for an opinion has been received and carefully considered by this Department. We quote from your request as follows:

"Kindly refer to the above article (698 C.C.P.) and any other connecting articles relative to same, and give me an opinion on the following questions-,

"1. When a defendant is tried in the Justice Court, found guilty and the fine and costs assessed and he is allowed to go on his promise, recognizance, to pay the fine and costs assessed at a certain date and fails to appear and pay on the date agreed is the sheriff, or constable, within his legal rights to have a Capias Profine issued and serve same on the defendant and charge the fee of $2.00, although his previous arresting fee of $2.00 has been included in the amount of the Fine and Costs?

"2. If the defendant gave a Deferred Judgment Bond and fails to appear and pay on the date set out in the bond is the Sheriff, or Constable, within his legal rights to have a Capias Profine issued and serve on the defendant and collect the fee of $2.00 although the arresting fee of $2.00 was previously included in the fine and costs?

Hon. H. A. Hodges, page 2

"3. Does the law intend that a Capias Profine
be issued only when a person has 'jumped' his bond
and left the vicinity in which he resides?

"It has become quite common in this County for
the officers to allow a defendant to go on his pro-
mise to pay at a certain time, or make partial pay-
ments at certain times, and if he fails to make the
payments, or makes a portion and fails to complete
all payments, to issue the Capias Profine and collect
$2.00 in addition to the first arrest of $2.00, thus
$4.00 on the case. It is my opinion that the Officer
is allowed only the first arresting fee of $2.00 when
the circumstances are as above stated, but if the
defendant leaves the County, or vicinity in which he
resides, for the purpose of avoiding the payments
that the Capias Profine then would be justified and
the fees legal.

"I shall be pleased to have your opinion at
your earliest convenience."

Articles 698, 757, 788, 769 and 792, Vernon's Annotated
Texas Code of Criminal Procedure, read as follows:

"Art. 698. On each verdict of acquittal or con-
viction, the proper judgment shall be entered immediate-
ly. If acquitted the defendant shall be at once dis-
charged from all further liability upon the charge
for which he was tried; provided that, in misde-
meanor cases where there is returned a verdict,
or a plea of guilty is entered and the punishment
assessed is by fine only, the Court may, on writ-
ten request of the defendant and for good cause
shown, defer judgment until some other day fixed
by order of the Court; but in no event shall the
judgment be deferred for a longer period of time
than six (6) months. On expiration of the time
fixed by the order of the Court, the Court or Judge
thereof, shall enter judgment on the verdict or plea
and the same shall be executed as provided by Chap-
ter 4, Title 9, of the Code of Criminal Procedure
of the State of Texas. Provided further, that the
Court or Judge thereof, in the exercise of sound
discretion may permit the defendant where judgment
is deferred, to remain at large on his own recog-
nizance, or may require him to enter into bond in
a sum at least double the amount of the assessed
fine and costs, conditioned that the defendant and

Hon. H. A. Hodges, page 3

sureties, jointly and severally, will pay such fine
and costs unless the defendant personally appears
on the date set in the order and discharges the judg-
ment in the manner provided by Chapter 4, Title 8
of the Code of Criminal Procedure of the State of
Texas; and for the enforcement of any judgment
entered, all writs, processes and remedies of the
Code of Criminal Procedure are made applicable so
far as necessary to carry out the provisions of this
Article."

"Art. 787. When a judgment has been rendered
against a defendant for a pecuniary fine, if he is
present, he shall be imprisoned in jail until dis-
charged as provided by law. A certified copy of
such judgment shall be sufficient to authorize
such imprisonment."

"Art. 788. When a pecuniary fine has been ad-
judged against a defendant not present, a capias
shall forthwith be issued for his arrest. The sheriff
shall execute the same by placing the defendant in jail."

"Art. 789. Where such capias issues, it shall
state the rendition and amount of the judgment
and the amount unpaid thereon, and command the
sheriff to take the defendant and place him in jail
until the amount due upon such judgment and the
further costs of collecting the same are paid, or
until the defendant is otherwise legally discharged."

"Art. 792. When a defendant has been com-
mitted to jail in default of the fine and costs
adjudged against him, the further enforcement of
such judgment shall be in accordance with the pro-
visions of this Code."

Article 1065, Vernon's Annotated Texas Code of Criminal
Procedure, reads in part as follows:

"The following fees shall be allowed the sheriff,
or other peace officer performing the same services
in misdemeanor cases, to be taxed against the de-
fendant on conviction:

"1. For executing each warrant of arrest or capias,
or making arrest without warrant, two dollars.

. . ."

Hon. H. A. Hodges, page 4

Articles 1617 and 1619, Vernon's Annotated Texas Civil Statutes, read as follows:

"Art. 1617. Each district clerk, county clerk, county judge, county treasurer, sheriff, district and county attorney, constable and justice of the peace, who shall collect or handle any money for the use of the county, shall make a full report to the commissioners court, at each regular term thereof, of all fines imposed and collected and all judgments rendered and collected for the use of the county, and all jury fees collected in their respective courts in favor of, or for the use of the county; and at the same time present their receipts and vouchers showing what disposition has been made of the money collected, fines imposed and judgments rendered. Said court shall carefully examine said reports, receipts and vouchers and, if found correct, shall cause the clerk to enter the same on the finance ledger, and, if found to be incorrect, shall summon said officer before them, and have the same corrected. Said reports, receipts, and vouchers shall be filed in the county clerk's office."

"Art. 1619. Fines imposed and judgments rendered by justices of the peace shall be charged against the justice imposing or rendering the same. He may discharge said indebtedness by filing with the county clerk the treasurer's receipt for the amount thereof, or by showing to the satisfaction of the commissioners court that he has used due diligence to collect the same without avail, or that the same have been satisfied by imprisonment or labor."

After a judgment of conviction is entered against a defendant in justice court neither the justice nor the arresting officer have any authority to extend credit to said defendant in order to allow the defendant to pay his fine on the installment plan. It is true that the justice has the power to defer the judgment in the manners set out in Article 698, supra; however, if the judgment is deferred in any of the manners outlined by the statute, no fees are due and payable to the arresting officers until the deferred judgment is entered and thereafter becomes final.

Hon. H. A. Hodges, page 5


Article 319, Vernon's Annotated Texas Penal Code, reads as follows:

"Any officer, jailer, or guard having the legal custody of a person accused or convicted of a misdemeanor who wilfully permits such person to escape or to be rescued shall be fined not exceeding one thousand dollars."

If the defendant is present when the justice imposes a fine on him, it then becomes the duty of the justice of the peace to issue a certified copy of the judgment and hand same to the constable. It then becomes the duty of the constable to execute the certified copy of the judgment (which operates as a commitment) by placing the defendant in jail until discharged as provided by law. If the justice issues the certified copy of the judgment and the constable permits the defendant to go free, the constable would be subject to prosecution under Article 319, V. A. C. C. P., supra.

It is our opinion that if the justice of the peace and constable turn a defendant loose after judgment is rendered and entered against him in justice court (to pay his fine on the installment plan) said defendant occupies the status of an escaped prisoner and that the constable can not gain by his own wrong in permitting the defendant to escape and can not collect a fee for re-capturing him on a capias or any other process.

With reference to your questions Nos. 1 and 2, we assume from your letter that the capiases were issued when the deferred judgments were entered at which time the defendants were not present, and upon this assumption, we answer questions Nos. 1 and 2 in the affirmative.

We answer question No. 3 in the negative. Capiases are to be issued when a pecuniary fine has been adjudged against a defendant not present in court under Article 787, V. A. C. C. P. For example, if the State and defendant's counsel agreed to try the defendant and waive the defendant's presence in justice court (without forfeiting the bond of defendant) and a judgment was rendered against the defendant when he was not present a capias

Hon. H. A. Hodges, page 6

would issue to enforce the judgment.

APPROVED JUN 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:N

